IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| GEORGE R. COMBS, | ) | |
| | ) | |
| Plaintiff, | ) | 8:04cv325 |
| | ) | |
| vs. | ) | MEMORANDUM AND ORDER |
| | ) | |
| ROBERT HOUSTON, et al., | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court on the following pending motions: (1) filing no. 15, the Motion to Dismiss filed by the defendants, Robert Houston, et al.; and (2) filing no. 17, the Motion for Copies filed by the plaintiff, George R. Combs. The plaintiff asserts federal civil rights claims pursuant to 42 U.S.C. § 1983 against the former Warden and certain corrections officers at the Douglas County Correctional Center ("DCCC"), where the plaintiff was incarcerated when he filed his complaint. The plaintiff describes grossly unsanitary and duhumanizing conditions at DCCC. He alleges violations of the Eighth Amendment to the United States Constitution resulting from conduct, policies, customs and practices which force DCCC inmates to live in conditions of overflowing human waste and inadequate plumbing and toilet facilities. In addition to Douglas County's policies or practices of inadequate investment in, and oversight of, the physical facility, corrections officers at DCCC force inmates to clean up the facilities after the plumbing malfunctions, which frequently occurs. Also, the guards deny inmates such as the plaintiff sufficient protective clothing, facial masks and footwear in such circumstances.

The defendants contend that the complaint should be dismissed for failure to state a claim on which relief may be granted under the Eighth Amendment. Fed. R. Civ. P.

1

12(b)(6).

A motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6) tests only the legal sufficiency of the plaintiff's complaint if the factual allegations in the complaint are accepted as true. Springdale Educ. Ass'n v. Springdale School Dist., 133 F.3d 649, 651 (8th Cir. 1998). See also Browning v. Clinton, 292 F.3d 235, 241-42 (D.C. Cir. 2002): "[W]e accept the plaintiff's factual allegations as true and construe the complaint 'liberally,' 'grant[ing] plaintiff[ ] the benefit of all inferences that can be derived from the facts alleged,' .... At the Rule 12(b)(6) stage, we do not assess 'the truth of what is asserted or determin[e] whether a plaintiff has any evidence to back up what is in the complaint.'" (Citations omitted.) Thus, a claim should be liberally construed in the light most favorable to the plaintiff and should not be dismissed unless it appears beyond doubt that the plaintiff can prove no set of facts which would entitle him to relief. Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Coleman v. Watt, 40 F.3d 255, 258 (8th Cir. 1994).

In light of that standard, the defendants' motion to dismiss will be denied. "The Eighth Amendment prohibits punishments that deprive inmates of the minimal civilized measure of life's necessities .... However, any analysis of confinement conditions must be based on the totality of the circumstances .... We have found a constitutional violation where inmates were forced to work without protective gear 'in a shower of human excrement.'... We have also ordered prisons to provide protective gear and to warn of the dangers of working in AIDS-contaminated waste .... We have similarly found a violation where an inmate was forced to endure a cell covered with filth and human waste for two full years .... [T]he length of time a prisoner is subjected to harsh conditions is a critical factor in our analysis." Smith v. Copeland, 87 F.3d 265, 268-69 (8th Cir. 1996) (citations

omitted).  See also Owens v. Scott County Jail, 328 F.3d 1026, 1027 (8th Cir. 2003) (*per curiam*) (determining that five weeks of exposure to unsanitary conditions might be sufficient to constitute a viable Eighth Amendment claim and remanding for a factual determination whether the conditions of pretrial detention were unconstitutionally punitive):

> While reviewing the totality of circumstances of Owens's confinement ... we focus on the length of his exposure to unsanitary conditions and how unsanitary the conditions were, see Hutto v. Finney, 437 U.S. 678, 686-87 ... (1978) (filthy, overcrowded cell might "be tolerable for a few days and intolerably cruel for weeks or months"); Whitnack, 16 F.3d at 958 (length of time required for conditions to be unconstitutional decreases as level of filthiness increases).
>
> Owens slept next to a toilet for roughly five weeks. The district court emphasized that Owens was "only in this situation for a limited time." Yet, five weeks is longer than other cases where we ruled that exposure to unsanitary conditions was not unconstitutional because of the brevity of exposure.  See, e.g., Smith, 87 F.3d at 265 (no constitutional violations where pretrial detainee was confined in cell with overflowed toilet for four days); White v. Nix, 7 F.3d 120, 121 (8th Cir. 1993) (no constitutional violation where pretrial detainee was confined in unsanitary cell for eleven days); Goldman v. Forbus, 17 Fed. Appx. 487, 488, 2001 WL 838997 (8th Cir. 2001) (unpublished per curiam) (no constitutional violation where pretrial detainee slept six nights on floor next to toilet).  Indeed, we have noted the need to be "especially cautious about condoning conditions that include an inmate's proximity to human waste."  See Fruit v. Norris, 905 F.2d 1147, 1151 (8th Cir. 1990). Hence, we reverse the district court's ruling that Huff was entitled to judgment as a matter of law and remand for further proceedings.

"The 'cruel and unusual punishments' standard applies to the conditions of a prisoner's confinement .... While 'the primary concern of the drafters was to proscribe tortures and other barbarous methods of punishment,' the Supreme Court's 'more recent cases [show that] [t]he [Eighth] Amendment embodies broad and idealistic concepts of dignity, civilized standards, humanity, and decency.'... 'No static test can exist by which courts determine whether conditions of confinement are cruel and unusual, for the Eighth

Amendment must draw its meaning from the evolving standards of decency that mark the progress of a maturing society." Chandler v. Crosby, 379 F.3d 1278, 1288-89 (11th Cir. 2004) (citations omitted).

In filing no. 17, the plaintiff requests copies of all exhibits. The only exhibits in the court's records of this case are those filed by the plaintiff as attachments to filing nos. 1, 6 and 7. The Clerk of Court shall send a copy of filing nos. 1, 6 and 7, together with all attachments and exhibits, to the plaintiff. Any future requests by the plaintiff for exhibits must be much more specific.

THEREFORE, IT IS ORDERED:

1. That filing no. 15, the defendants' Motion to Dismiss is denied;

2. That the defendants shall answer the complaint within the time required by Fed. R. Civ. P. 12(a)(4)(A);

3. That filing no. 17, the plaintiff's Motion for Copies, is granted, and the Clerk of Court shall send the plaintiff a copy of filing nos. 1, 6 and 7, together with all attachments and exhibits.

DATED this 25th day of May, 2005.

BY THE COURT:

s/ Richard G. Kopf
United States District Judge