IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| GEORGE R. COMBS, ) | |
| ) | |
| Plaintiff, ) | 8:04cv325 |
| ) | |
| vs. ) | MEMORANDUM AND ORDER |
| ) | |
| ROBERT HOUSTON, et al., ) | |
| ) | |
| Defendants. ) | |

    This matter is before the court on filing no. 23, the Motion for Summary Judgment filed by the defendants, Robert Houston, et al. The plaintiff, George R. Combs, asserts federal civil rights claims pursuant to 42 U.S.C. § 1983 against the former Warden and certain corrections officers at the Douglas County Correctional Center ("DCCC"), where the plaintiff was incarcerated when he filed his complaint. The plaintiff describes grossly unsanitary and duhumanizing conditions at DCCC. He alleges violations of the Eighth Amendment to the United States Constitution in connection with an incident on June 25, 2004, in which he was forced to clean up overflowing urine and excrement when a toilet facility erupted, showering human waste all over his cell. During the episode, DCCC guards laughed, forced the plaintiff and his cellmate to clean the cell, denied the plaintiff protective clothing, facial masks and footwear and refused to provide the plaintiff with a change of clothing for eight hours. The guards did provide cleaning supplies.

    "The 'cruel and unusual punishments' standard applies to the conditions of a prisoner's confinement .... While 'the primary concern of the drafters was to proscribe tortures and other barbarous methods of punishment,' the Supreme Court's 'more recent cases [show that] [t]he [Eighth] Amendment embodies broad and idealistic concepts of dignity, civilized standards, humanity, and decency.'... 'No static test can exist by which courts determine whether conditions of confinement are cruel and unusual, for the Eighth Amendment must draw its meaning from the evolving standards of decency that mark the progress of a maturing society." Chandler v. Crosby, 379 F.3d 1278, 1288-89 (11th Cir. 2004) (citations omitted).

However, while the conditions, as described by the plaintiff, were lamentable, the plaintiff describes negligence, or even gross negligence, rather than the kind of cruel and unusual punishment forbidden by the Eighth Amendment.  Even the plaintiff attributes the plumbing problems he encountered to a design flaw in the new addition to the DCCC's facilities (filing no. 7).  While the manner in which the DCCC staff handles the periodic flooding of human waste at DCCC may violate applicable jail standards and related jail accreditation criteria, the described conditions do not constitute the kind of "unnecessary and wanton infliction of pain," or denial of "the minimal civilized measure of life's necessities" which constitute an Eighth Amendment violation.  Wilson v. Seiter, 501 U.S. 294, 298 (1991).

## Supplemental Jurisdiction

A federal district court has discretion under 28 U.S.C. § 1367(c)(3) to decline to exercise supplemental jurisdiction over any claims arising under state law upon dismissal of the claim(s) over which the court has original jurisdiction.   Because the plaintiff has not stated a claim on which relief may be granted under *federal* law against the defendants, the court declines to exercise supplemental jurisdiction over any claims the plaintiff may have asserted under Nebraska state law.  In addition, 28 U.S.C. § 1367(d) tolled the limitations period for the state law claims during the pendency of this federal lawsuit. 28 U.S.C. § 1367(d) states in pertinent part:  "The period of limitations for any claim asserted under subsection (a) ... shall be tolled while the claim is pending and for a period of 30 days after it is dismissed unless State law provides for a longer tolling period."  The tolling provision of section 1367(d) provides "assurance that state-law claims asserted under § 1367(a) will not become time barred while pending in federal court." Jinks v. Richland County, 538 U.S. 456, 464 (2003).  Any claims in this case arising under state law will be dismissed without prejudice to enable their timely reassertion in a state court, if the plaintiff wishes to pursue them.

THEREFORE, IT IS ORDERED:

1.  That filing no. 23, the defendants' Motion for Summary Judgment, is granted to the extent the motion is consistent with this Memorandum and Order;

2.  That the plaintiff's complaint and this action are dismissed; and

2

3. That a separate judgment will be entered accordingly.

January 23, 2006.                    BY THE COURT:

                                     s/ *Richard G. Kopf*
                                     United States District Judge